FILED-SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY        DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EUGENE EDWARD MOORE,<br><br>  Petitioner,<br><br>  v.<br><br>TERI GONZALEZ, Warden,<br><br>  Respondent. | Case No. CV 11-7175-SVW (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

  Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

1

The court determines whether to issue or deny a COA pursuant to standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA may be issued only where there has been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. As part of that analysis, the Court must determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, *See also Miller-El*, 537 U.S. at 338.

In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the court noted that this amounts to a "modest standard". (Quoting *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed, the standard for granting a COA has been characterized as "relatively low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA should issue when the claims presented are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84, (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether the petition could be resolved in a different manner, then the COA should issue. *Miller-El*, 537 U.S. at 330.

Under this standard of review, a COA will be denied. In denying the petition for writ of habeas corpus, the Court concluded, for the reasons stated in the Magistrate Judge's Report and Recommendation, that Petitioner was not entitled to habeas corpus relief on his claim that his Constitutional rights were violated when he was denied a separate trial on the issue of sanity, because he had failed to show that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or

Supreme Court precedent. *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 783-84 (2011). Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision denying the petition. Thus, Petitioner is not entitled to a COA.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: November 29, 2012

Stephen V. Wilson
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3